UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> **SALANDER-O'REILLY GALLERIES, LLC,** <br><br><br> Debtor. | Chapter 11 <br><br> Case 07-30005 (CGM) |

**STIPULATION AND ORDER RESOLVING
ART CLAIM NUMBER 59 AND
PROOF OF CLAIM NUMBER 341 ON CONSENT**

This STIPULATION AND ORDER (the "Stipulation and Order") is made as of this 3rd day of August, 2009 between Salander-O'Reilly Galleries, LLC, debtor and debtor-in-possession herein (the "Debtor"), the Official Committee of Unsecured Creditors of the Debtor (the "Committee"); First Republic Bank ("FRB" and together with the Debtor and the Committee, collectively, the "Sub-Working Group"), on the one hand, and Tracie Hotchner (the "Art Claimant" and collectively with the Working Group, the "Parties"), on the other.

**RECITALS**

**WHEREAS**, on November 1, 2007, an involuntary case under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") was commenced against the Debtor; and

**WHEREAS**, the involuntary case was converted to a voluntary case under Chapter 11 of the Bankruptcy Code on November 7, 2007, whereupon the Debtor became a debtor-in-possession authorized to operate its business pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

**WHEREAS**, on November 20, 2007, the Office of the United States Trustee for Region 2 appointed the Committee, which retained the law firm of Pachulski Stang Ziehl & Jones LLP as its counsel; and

{00081588.2 \ 0607-002}

**WHEREAS**, by Orders dated November 15, 2007 and March 3, 2008, the Court approved the retention of Triax Capital Advisors LLC ("Triax") to provide certain management services to the Debtor and Joseph E. Sarachek (the "CRO") to serve as chief restructuring officer of the Debtor; and

**WHEREAS**, FRB asserts perfected liens and security interests in and to the personal property and other assets of the Debtor, including the Debtor's artwork collection (the "Art Collection"); and

**WHEREAS**, by Order dated March 11, 2008 (the "Protocol Order"), this Court approved a protocol for the assertion and resolution of claims of ownership to artwork in the possession, custody or control of the Debtor (the "Protocol"); and

**WHEREAS**, pursuant to the Protocol Order, the CRO and Triax undertook an inventory of all artwork in the Debtor's possession, custody or control (the "Inventory") and assigned a number to each piece of artwork subject to the Inventory (any such number, a "Triax No."); and

**WHEREAS**, pursuant to the Protocol Order, parties wishing to assert ownership claims to specific pieces of artwork were required to assert such claims on or before June 15, 2008; and

**WHEREAS**, Art Claimant received a copy of the Protocol; and

**WHEREAS**, in response to the Protocol, Art Claimant filed an Art Claim number 59 (the "Art Claim") asserting an ownership interest in and to certain artwork designated by Triax No. 2465 (the "Subject Art"); and

**WHEREAS**, on June 17, 2008, this Court entered an order whereby parties wishing to file proofs of claim against the Debtor were required to do so on or before August 1,

2008 (the "Bar Date Order"); and

    **WHEREAS**, in response to the Bar Date Order, Art Claimant filed Proof of Claim number 341 (the "Proof of Claim" and together with the Art Claim, the "Claims") asserting a claim against the Debtor's estate based on the consignment agreement related to the Subject Art as set forth in the Art Claim; and

    **WHEREAS**, the Working Group (established pursuant to, and as defined in, the Protocol) made a preliminary determination that the Subject Artwork is an Estate Asset (as defined in the Protocol) and, thus, contested the Art Claimant's asserted ownership interest in the Subject Art; and

    **WHEREAS**, the Debtor, the Committee and FRB are jointly marketing, for sale, the Artwork Collection; and

    **WHEREAS**, by Order dated October 24, 2008, the Debtor was authorized to retain Gurr Johns, Inc. as art sales coordinator to the estate (the "Art Sales Coordinator") to advise the Debtor, the Committee and FRB regarding proposals for the sale of the Art Collection; and

    **WHEREAS**, the Parties desire to avoid the expense and uncertainty of litigation over the Claims and the competing ownership claims to the Subject Art; and

    **WHEREAS**, the Parties have conferred in good faith in an effort to negotiate a consensual settlement over the Claims and the Subject Art.

    **NOW, THEREFORE**, the Parties wish to compromise and settle their disputes concerning the Claims and the Subject Art for the mutual promises and undertakings set forth herein and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged.  The Parties agree as follows:

## **SETTLEMENT**

1. The foregoing recitals are incorporated herein by reference as if fully set forth.

2. The "Effective Date" shall mean the date that this Stipulation and Order is approved by the Bankruptcy Court.

3. Upon the Effective Date, the Parties consent to the sale of the Subject Art as part of the Art Collection.

4. Upon the sale of the Subject Art, Art Claimant shall receive twenty (20%) percent of the Net Proceeds of Sale from the sale of the Subject Art (the "Settlement Sum"). The term "Net Proceeds of Sale" shall mean the proceeds from the sale of the Subject Art, less the direct costs of sale, including the commissions and fees payable to the Art Sales Coordinator and/or any auction or private dealer fees or commissions as may be authorized by the Bankruptcy Court.

5. The Debtor (or any successor in interest thereto) shall pay the Settlement Sum to the Art Claimant promptly following receipt of the Net Proceeds of Sale in full and final settlement of any ownership claims or other interests asserted by Art Claimant in and to the Subject Art or in the Claims.

6. The Debtor (or any successor in interest thereto) shall sell the Subject Art in a commercially reasonable manner designed to maximize the value of the Subject Art in the exercise of its business judgment. It is expressly agreed that a sale of the Subject Art through a public auction is a reasonable exercise of the Debtor's (or any successor in interest thereto) business judgment; provided, however, that nothing herein shall prohibit the Debtor (or any successor in interest thereto) from selling the Subject Art by other means.

7. Except for the obligations hereunder, Art Claimant hereby waives any and all claims arising from the Claims and the Subject Art against the Debtor and the estate.

8. This Stipulation and Order is subject to the approval of the Bankruptcy Court, and upon being approved by the Bankruptcy Court shall be binding upon and inure to the benefit of the Parties.

9. Each Party represents and warrants that no promise, inducement, or agreement not expressed herein has been made to such Party in connection with this Stipulation and Order, and that this Stipulation and Order constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof. Each Party hereby agrees that such Party will make no claim at any time or place that this Stipulation and Order has been orally altered or modified or otherwise changed by oral communication of any kind or character.

10. This Stipulation and Order may be executed in identical counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

11. Each Party acknowledges that nothing in this Stipulation and Order constitutes an admission or concession of liability or of any fact.

12. In entering into this Stipulation and Order, no party has relied on any representations or warranties of any other party, other than the representations or warranties expressly set forth in this Stipulation and Order.

13. Each Party agrees to be responsible for and to bear its own costs, expenses and attorneys' fees incurred in connection with the negotiations related to and preparation of this Stipulation and Order and not to seek from each other reimbursement of any such costs, expenses or attorneys' fees.

14. THIS STIPULATION AND ORDER SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK

WITHOUT REGARD TO THE CONFLICTS OF LAWS PRINCIPLES THEREOF. THE PARTIES ACKNOWLEDGE AND AGREE THAT THE BANKRUPTCY COURT SHALL HAVE EXCLUSIVE JURISDICTION TO HEAR AND DETERMINE ANY CLAIMS OR DISPUTES BETWEEN THE PARTIES HERETO (OR ANY OTHER PARTIES IN INTEREST IN THE BANKRUPTCY CASE AFFECTED HEREBY) PERTAINING DIRECTLY OR INDIRECTLY TO THIS STIPULATION AND ORDER OR TO ANY MATTER ARISING HEREUNDER OR RELATED HERETO, AND HEREBY SUBMIT TO PERSONAL JURISDICTION WITHIN THE STATE OF NEW YORK.

15. Each and every term of this Stipulation and Order is contingent upon the validity of every other provision. Should any court determine that any portion of this Stipulation and Order is invalid or unenforceable, then this Stipulation and Order shall be null, void and of no further effect and each Party shall be returned to the status quo immediately before the execution of this Stipulation and Order.

16. Each person executing this Stipulation and Order in a representative capacity represents and warrants that he or she is empowered to do so.

17. Each Party hereto covenants that it has entered into this Stipulation and Order in good faith, and agrees to do all things necessary or convenient to carry out and effectuate the terms of this Stipulation and Order, including, without limitation, the execution of all further and additional documents, and not to do or fail to do anything, directly or indirectly, that will interfere with the terms or conditions hereof or adversely affect any of the rights provided for herein.

IN WITNESS WHEREOF, the Parties have executed this Stipulation and Order as of the date first above-written.

|  | PACHULSKI STANG ZIEHL & JONES LLP |
|---|---|
| /s/ Tracie Hotchner | /s/ Ilan D. Scharf |
| Name: Tracie Hotchner | Robert J. Feinstein |
| Title: | Ilan D. Scharf |
|  | 780 Third Avenue, 36th Floor |
| *Art Claimant* | New York, NY 10017-2024 |
|  | (212) 561-7700 |
|  | *Counsel for Official Committee of Unsecured Creditors of Salander-O'Reilly Galleries, LLC* |
| HALPERIN BATTAGLIA RAICHT, LLP | WHITE & CASE, LLP |
| /s/ Robert D. Raicht | /s/ Avi Goldenberg |
| Robert D. Raicht | Avi Goldenberg |
| Walter Benzija | 1155 Avenue of the Americas |
| 555 Madison Avenue, 9th Floor | New York, NY 10036-2787 |
| New York, NY 10022-3301 | (212) 819-8200 |
| (212) 765-9100 |  |
|  | *Counsel for First Republic Bank, a division of Merrill Lynch Lynch Bank & Trust, Co., FSB* |
| *Counsel for Salander-O'Reilly Galleries, LLC* |  |

Dated: Poughkeepsie, New York
August 28, 2009

SO ORDERED

/s/ Cecelia Morris
UNITED STATES BANKRUPTCY JUDGE