**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **SALANDER-O'REILLY GALLERIES, LLC,** | Case 07-30005 (CGM) |
| Debtor. | |

**STIPULATION AND ORDER RESOLVING**
**ART CLAIM NUMBER 224 ON CONSENT**

This STIPULATION AND ORDER (the "Stipulation and Order") is made as of this 3rd day of August, 2009 between Salander-O'Reilly Galleries, LLC, debtor and debtor-in-possession herein (the "Debtor"), the Official Committee of Unsecured Creditors of the Debtor (the "Committee"); First Republic Bank ("FRB" and together with the Debtor and the Committee, collectively, the "Sub-Working Group"), on the one hand, and Peter Golfinopoulos ("Golfinopoulos" or the "Art Claimant" and collectively with the Sub-Working Group, the "Parties"), on the other.

**RECITALS**

**WHEREAS**, on November 1, 2007, an involuntary case under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") was commenced against the Debtor; and

**WHEREAS**, the involuntary case was converted to a voluntary case under Chapter 11 of the Bankruptcy Code on November 7, 2007, whereupon the Debtor became a debtor-in-possession authorized to operate its business pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

**WHEREAS**, on November 20, 2007, the Office of the United States Trustee for Region 2 appointed the Committee, which retained the law firm of Pachulski Stang Ziehl &

{00081693.1 \ 0607-003}

Jones LLP as its counsel; and

**WHEREAS**, by Orders dated November 15, 2007 and March 3, 2008, the Court approved the retention of Triax Capital Advisors LLC ("Triax") to provide certain management services to the Debtor and Joseph E. Sarachek (the "CRO") to serve as chief restructuring officer of the Debtor; and

**WHEREAS**, FRB asserts perfected liens and security interests in and to the personal property and other assets of the Debtor, including the Debtor's artwork collection (the "Art Collection"); and

**WHEREAS**, by Order dated March 11, 2008 (the "Protocol Order"), this Court approved a protocol for the assertion and resolution of claims of ownership to artwork in the possession, custody or control of the Debtor (the "Protocol"); and

**WHEREAS**, pursuant to the Protocol Order, the CRO and Triax undertook an inventory of all artwork in the Debtor's possession, custody or control (the "Inventory") and assigned a number to each piece of artwork subject to the Inventory (any such number, a "Triax No."); and

**WHEREAS**, pursuant to the Protocol Order, parties wishing to assert ownership claims to specific pieces of artwork were required to assert such claims on or before June 15, 2008; and

**WHEREAS**, Art Claimant received a copy of the Protocol; and

**WHEREAS**, in response to the Protocol, Walter Randel Gallery ("WRG") filed, among other things, an Art Claim number 224 (the "Art Claim") asserting an interest in and to twenty-six pieces of artwork created by Golfinopoulos (hereinafter, the "Subject Art"); and

**WHEREAS**, on or about February 11, 2009, Golfinopoulos, through counsel,

transmitted an Amended Art Claim (amending the Art Claim number 224) (the "Amended Art Claim") to the Bankruptcy Court and the Working Group (established pursuant to, and as defined in, the Protocol) as required by the Protocol asserting, among other things, that (a) the Art Claim filed by WRG was done so in its capacity as agent or personal representative of Golfinopoulos, (b) WRG was no longer authorized to represent Golfinopoulos in connection with the Art Claim or otherwise, (c) the Subject Art should be returned to the Art Claimant pursuant to Article 12 of the New York Arts and Cultural Affairs Law; and

**WHEREAS**, Art Claimant asserts that WRG does not assert an ownership or other interest in and to the Subject Art and that the Art Claim filed by WRG may be withdrawn; and

**WHEREAS**, following its review of the Amended Art Claim and other information submitted by Art Claimant, the Working Group has concluded that the Subject Art created by the Art Claimant are Non-Estate Assets (as defined in the Protocol) and recommends to the Bankruptcy Court that the Subject Art be returned to the Art Claimant, subject to approval of the Bankruptcy Court, in full and final satisfaction of the Art Claim and the Amended Art Claim.

**NOW, THEREFORE**, the Parties wish to resolve the Art Claim, the Amended Art Claim and ownership claims to the Subject Art as set forth herein.

1. The foregoing recitals are incorporated herein by reference as if fully set forth.
2. The "Effective Date" shall mean the date that this Stipulation and Order is approved by the Bankruptcy Court.
3. Upon the Effective Date, the Subject Art shall be returned to the Art Claimant.

4. The Subject Art shall cover the artwork designated by Triax Nos. 2381, 2382, 2383, 2384, 2385, 2386, 2387, 2388, 2389, 2390, 2391 2392, 2393, 2394, 2395, 2396, 2397, 2398, 2399, 2400, 2401, 2402, 2403, 2404, 2405 and 2406.

5. Pursuant to the Protocol, Art Claimant shall be responsible for all costs related to removal of the Subject Art from the Debtor's possession, custody and control, including, but not limited to, packing, handling, shipping and insurance following removal of the Subject Art Artwork.

6. Art Claimant hereby waives any and all claims arising from the Art Claim, the Amended Art Claim and the Subject Art against the Debtor and the estate.

7. Because WRG does not assert an ownership or other interest in and to the Subject Art, the Art Claim number 224 filed by WRG shall be withdrawn.

8. This Stipulation and Order is subject to the approval of the Bankruptcy Court, and upon being approved by the bankruptcy Court shall be binding upon and inure to the benefit of the Parties.

9. This Stipulation and Order may be executed in identical counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

10. Each person executing this Stipulation and Order in a representative capacity

represents and warrants that he or she is empowered to do so.

IN WITNESS WHEREOF, the Parties have executed this Stipulation and Order as of the date first above-written.

HALPERIN BATTAGLIA RAICHT, LLP

*/s/ Robert D. Raicht*
Robert D. Raicht
Walter Benzija
555 Madison Avenue, 9th Floor
New York, NY 10022-3301
(212) 765-9100

*Counsel for Salander-O'Reilly Galleries, LLC*

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Ilan D. Scharf*
Robert J. Feinstein
Ilan D. Scharf
780 Third Avenue, 36th Floor
New York, NY 10017-2024
(212) 561-7700

*Counsel for Official Committee of Unsecured Creditors of Salander-O'Reilly Galleries, LLC*

WHITE & CASE, LLP

*/s/ Peter Golfinopoulos*
PETER GOLFINOPOULOS

*Art Claimant*

*/s/ Avi Goldenberg*
Avi Goldenberg
1155 Avenue of the Americas
New York, NY 10036-2787
(212) 819-8200

*Counsel for First Republic Bank, a division of Merrill Lynch Lynch Bank & Trust, Co., FSB*

(as to Decretal Paragraph 7 only):
WALTER RANDEL GALLERY

*/s/ Walter Randel*
Name: Walter Randel
Title: President

Dated: Poughkeepsie, New York
       August 28, 2009

SO ORDERED

/s/ Cecelia Morris
UNITED STATES BANKRUPTCY JUDGE

{00081693.1 \ 0607-003}