**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**SALANDER-O'REILLY GALLERIES, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case 07-30005 (CGM) |

**STIPULATION AND ORDER RESOLVING**
**ART CLAIM NUMBERS 102 AND 103 ON CONSENT**

This STIPULATION AND ORDER (the "Stipulation and Order") is made as of this 11th day of August, 2009 between Salander-O'Reilly Galleries, LLC, debtor and debtor-in-possession herein (the "Debtor"), the Official Committee of Unsecured Creditors of the Debtor (the "Committee"); First Republic Bank ("FRB" and together with the Debtor and the Committee, collectively, the "Sub-Working Group"), on the one hand, and the Estate of Bernhardt Crystal ("Art Claimant" and collectively with the Sub-Working Group, the "Parties"), on the other.

**RECITALS**

**WHEREAS**, on November 1, 2007, an involuntary case under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") was commenced against the Debtor; and

**WHEREAS**, the involuntary case was converted to a voluntary case under Chapter 11 of the Bankruptcy Code on November 7, 2007, whereupon the Debtor became a debtor-in-possession authorized to operate its business pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

**WHEREAS**, on November 20, 2007, the Office of the United States Trustee for Region 2 appointed the Committee, which retained the law firm of Pachulski Stang Ziehl & Jones LLP as its counsel; and

{00081756.2 \ 0607-003}

**WHEREAS**, by Orders dated November 15, 2007 and March 3, 2008, the Court approved the retention of Triax Capital Advisors LLC ("Triax") to provide certain management services to the Debtor and Joseph E. Sarachek (the "CRO") to serve as chief restructuring officer of the Debtor; and

**WHEREAS**, FRB asserts perfected liens and security interests in and to the personal property and other assets of the Debtor, including the Debtor's artwork collection (the "Art Collection"); and

**WHEREAS**, by Order dated March 11, 2008 (the "Protocol Order"), this Court approved a protocol for the assertion and resolution of claims of ownership to artwork in the possession, custody or control of the Debtor (the "Protocol"); and

**WHEREAS**, pursuant to the Protocol Order, the CRO and Triax undertook an inventory of all artwork in the Debtor's possession, custody or control (the "Inventory") and assigned a number to each piece of artwork subject to the Inventory (any such number, a "Triax No."); and

**WHEREAS**, pursuant to the Protocol Order, parties wishing to assert ownership claims to specific pieces of artwork were required to assert such claims on or before June 15, 2008; and

**WHEREAS**, Art Claimant received a copy of the Protocol; and

**WHEREAS**, in response to the Protocol, Bernhardt Crystal ("Crystal") timely filed Art Claim numbers 102 and 103 (collectively, the "Art Claims") asserting an interest in and to the works of art and other property listed on Exhibits A and B hereto (collectively, the "Subject Art"); and

**WHEREAS**, Art Claim number 102 asserts that (a) Crystal was the creator and

owner of the Subject Art set forth on Exhibit A, (b) the Subject Art set forth on Exhibit A was delivered to the Debtor not for sale, but to be stored pending distribution in connection with Crystal's estate planning, and (c) the Subject Art set forth on Exhibit A is subject to the provisions of Article 12 of the New York State Arts and Cultural Affairs Law; and

**WHEREAS**, Art Claim number 103 asserts that the Subject Art set forth on Exhibit B was delivered to the Debtor not for sale, but to be stored pending distribution in connection with Crystal's estate planning; and

**WHEREAS**, Crystal passed away on or about September 21, 2008; and

**WHEREAS**, following its review of the Art Claims and other information submitted by Art Claimant, the Working Group (established pursuant to, and as defined in, the Protocol) has concluded that the Subject Art are Non-Estate Assets (as defined in the Protocol) and recommends to the Bankruptcy Court that the Subject Art be returned to the Art Claimant, subject to approval of the Bankruptcy Court, in full and final satisfaction of the Art Claims.

**NOW, THEREFORE**, the Parties wish to resolve the Art Claims and ownership claims to the Subject Art as set forth herein.

1. The foregoing recitals are incorporated herein by reference as if fully set forth.

2. The "Effective Date" shall mean the date that this Stipulation and Order is approved by the Bankruptcy Court.

3. The Art Claims are hereby allowed in full.

4. Art Claimant shall pay the sum of $4,000 to the Debtor's estate as compensation for the storage of the Subject Art by the Debtor and its estate.

5. Upon the Effective Date, the Subject Art shall be returned to the Art Claimant in a time and manner to be reasonably determined pursuant to the terms of the Protocol.

6. The Subject Art shall cover the artwork designated by Triax Nos. on Exhibits A and B annexed hereto and made a part hereof.

7. Pursuant to the Protocol, Art Claimant shall be responsible for all costs related to removal of the Subject Art from the Debtor's possession, custody and control, including, but not limited to, packing, handling, shipping and insurance following removal of the Subject Art Artwork.

8. Art Claimant hereby waives any and all claims arising from the Art Claims and the Subject Art against the Debtor and its estate.

9. This Stipulation and Order is subject to the approval of the Bankruptcy Court, and upon being approved by the Bankruptcy Court shall be binding upon and inure to the benefit of the Parties.

10. Notwithstanding any provision of the Bankruptcy Code, the Bankruptcy Rules or other applicable law, this Order shall be effective immediately upon entry.

11. This Stipulation and Order may be executed in identical counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

12. Each person executing this Stipulation and Order in a representative capacity represents and warrants that he or she is empowered to do so.

IN WITNESS WHEREOF, the Parties have executed this Stipulation and Order as of the date first above-written.

| HALPERIN BATTAGLIA RAICHT, LLP | PACHULSKI STANG ZIEHL & JONES LLP |
|---|---|
| */s/ Walter Benzija* | */s/ Ilan D. Scharf* |
| Robert D. Raicht | Robert J. Feinstein |
| Walter Benzija | Ilan D. Scharf |
| 555 Madison Avenue, 9th Floor | 780 Third Avenue, 36th Floor |

{00081756.2 \ 0607-003}

4

| | |
|---|---|
| New York, NY 10022-3301<br>(212) 765-9100 | New York, NY 10017-2024<br>(212) 561-7700 |
| *Counsel for Salander-O'Reilly Galleries, LLC* | *Counsel for Official Committee of Unsecured Creditors of Salander-O'Reilly Galleries, LLC* |
| ARNOLD & PORTER LLP | WHITE & CASE, LLP |
| /s/ Anthony D. Boccanfuso<br>Kent A Yalowitz<br>Anthony D. Boccanfuso<br>399 Park Avenue<br>New York, NY 10022<br>(212) 715-100 | /s/ Avi Goldenberg<br>Avi Goldenberg<br>1155 Avenue of the Americas<br>New York, NY 10036-2787<br>(212) 819-8200 |
| *Art Claimant* | *Counsel for First Republic Bank, a division of Merrill Lynch Lynch Bank & Trust, Co., FSB* |

Dated: Poughkeepsie, New York
September 17, 2009

SO ORDERED

 /s/ Cecelia Morris
UNITED STATES BANKRUPTCY JUDGE

{00081756.2 \ 0607-003}

5