**Due: June 17, 2011, 5:00pm**

David I. Faust, Esq.
Petra von Ziegesar, Esq.
FAUST OPPENHEIM LLP
488 Madison Avenue, 17th Floor
New York, New York 10022
T: (212) 751-7700
F: (212) 371-8410

Attorneys for KRAKEN INVESTMENTS LIMITED

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

Chapter 11

SALANDER-O'REILLY GALLERIES, LLC

Case No. 07-30005 (CGM)

Debtor.

---------------------------------------------------------X

**SUPPLEMENTAL REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**TABLE OF CONTENTS**

I. First Unsupported Assumption – that the Botticelli was pre-petition property of the Debtor – which it is NOT ........ 1

II. Second Unsupported (Dual) Assumption – that New York law applies – which it does NOT ........ 2

III. Third Unsupported Assumption – that the UCC § 9-319 is dispositive – which it is NOT ........ 4

IV. Conclusion ........ 5

EXHIBIT A – English translation of two Jersey Law authorities attached as Exhibit B to Kraken's Supplemental Memorandum of Law in Support of Motion for Relief from the Automatic Stay, filed June 8, 2011.

# TABLE OF AUTHORITIES

## Federal Statutes and Codes

U.S. Bankr. Code § 544 ........ 1, 4

## State Statutes

N.Y. UCC § 1-105 ........ 4
N.Y. UCC § 9-319 ........ 4

## Foreign Law

Arbitration (Jersey) Law 1998 ........ 5

## Secondary Sources

*Restatement (Second) Conflicts of Laws* ........ 2

This Memorandum is respectfully submitted on behalf of Kraken Investments Limited ("Kraken") in Reply to the Supplement to Objection of the Liquidation Trustee to the Motion of Kraken Investments Limited for Relief from the Automatic Stay filed response to the Court's request for clarification of various matters, made at a further hearing on Kraken's Motion For Relief From an Automatic Stay, held on May 9, 2011.

Devoid of meaningful responses to the Court's questions, the Liquidation Trustee's Supplement to Objection relies on repetition, unsupported assumptions and avoidance of analysis of the law or the facts. Specifically:

I. First Unsupported Assumption – that the Botticelli was pre-petition property of the Debtor – which it is NOT

The Liquidation Trustee assumes that the Botticelli[1] was pre-petition property of the Debtor and, therefore, is subject to the trustee's rights and powers under Section 544 of the Bankruptcy Code.

As extensively shown in Kraken's Supplemental Memorandum, this assumption is ill founded. The Liquidation Trustee offers no analysis or authority to counter the well supported analysis by Kraken that:

- Whether the Botticelli was pre-petition property of the Debtor is not a matter of bankruptcy law.
- Under well-established Federal law, supported by citations to numerous cases, where there is a legitimate question as to which non-federal law applies in a non-

[1] Capitalized terms not defined herein have the meanings and definitions ascribed to them in Kraken's January 19th Memorandum of Law or Supplemental Memorandum.

diversity case in a federal court, the choice of law is to be determined by reference to the Restatement of Conflicts, Second.

- Under the relevant standards, the question of the pre-petition ownership of the Botticelli is a matter of Jersey law (which is only one of the Court's questions the Liquidation Trustee simply ignores) but rather blithely assumes an incorrect conclusion.
- Under Jersey law the Botticelli is not pre-petition (or post-petition) property of the Debtor.

The basic question before the Court on Kraken's Motion is the proper choice of law. The Liquidation Trustee fails to acknowledge the question much less analyze it, simply ignoring well-established law and insisting on a somewhat truncated view of both New York law and the facts.

II. Second Unsupported (Dual) Assumption – that New York law applies – which it does NOT

The second (dual) assumption that the Liquidation Trustee makes is that New York law applies (the very question yet to be decided) and that, under New York law, the Bank had a pre-petition lien on the Botticelli which the Trustee automatically assumed (or acquired by assignment). The Liquidation Trustee made this assumption without apparently reading or referring to the Credit Agreement he cites. While not relevant to the Motion before this Court (for reasons explained in Kraken's Supplemental Memorandum), even a cursory reading of the Credit Agreement shows that the Bank wanted – and obtained – a lien only on Artwork "owned absolutely" by the Debtor and specifically disclaimed any lien on consigned art.[2] The Bank

[2] If the Liquidation Trustee will belatedly address this issue in his reply – which he ignored in his Supplemental Memorandum - **we respectfully request the right to respond**, with any such response limited to this issue.

could not have been misled by any so-called "secret liens" since it expressly disclaimed any interest in lending on consigned art.

Shockingly and inexplicably, the Liquidation Trustee states that Kraken did not object to the DIP financing. However, clearly in the docket (Docket No. 175) is Kraken's Statement of Non-Consent as to the Financing Motion (Docket No. 26) and the Interim Financing Order (Docket No. 27). The Liquidation Trustee's misleading statement to the contrary is disingenuous, at best. To clear any confusion as to the filings please find below a short timeline:

- On October 26, 2007, Kraken and Golconda commenced a civil action by Order to Show Cause in the New York State Supreme Court, New York County under the Index No. 603555/07, seeking an Order of Seizure of the Artwork pursuant to CPLR 7102. The Order to Show Cause was signed by Justice Richard B. Lowe III who set a hearing date of November 7, 2007.
- On November 1, 2007, an involuntary chapter 7 case was commenced against Salander in the United States District Court for the Southern District of New York (Case No. 07-30005 (CGM), which was converted to a case under Chapter 11 of the Bankruptcy Code. Under Chapter 11 Debtor obtained the benefits of the automatic stay of 11 U.S.C. § 362(a). The individual debtors then filed for bankruptcy (Case No. 07-36735 (CGM)).
- On November 7, 2007, the day of the scheduled hearing on Kraken and Golconda's Order to Show Cause in New York State Supreme Court, New York County, Justice Richard B. Lowe III, ordered a stay of all proceedings against Salander-O'Reilly Galleries, LLC pending the bankruptcy proceedings, but stated that the Injunction (dated October 12, 2007, in State Court in a related matter) remained in place to protect the plaintiffs in the various state court actions.
- On November 15, 2007, Kraken filed a Notice of Appearance and Request for Service of Papers in this matter (Docket No. 64).
- On November 15, 2007, Kraken filed a Motion for Relief from Stay and Order of Seizure (Docket No. 65).
- On November 21, 2007, Debtor filed Debtor's Objection to Motion by Kraken Investments Limited and Golconda Fine Art Ltd. for Relief From the Automatic Stay and for an Order of Seizure (Docket No. 82).
- On November 27, 2007, Kraken filed a Reply to Motion in Further Support of Motion for Relief from the Automatic Stay and for an Order of Seizure (Docket No. 97).
- On December 4, 2007, Kraken filed a Memorandum of Law in Support of a Motion to Reconsider Paragraph 12 of the "Interim Order" regarding Allocating Costs to Non-Estate Assets (Docket No. 133).

- On December 12, 2007, Kraken filed a Statement of Non-Consent to the imposition of a lien on non-estate assets in the Financing Motion and Interim Financing Order (Docket No. 175).

As shown above, the DIP financing was effected long after Kraken's claim to the Botticelli was a matter of record.

III. Third Unsupported Assumption – that the UCC § 9-319 is dispositive – which it is NOT

The Liquidation Trustee's reference to UCC § 9-319 is both premature and off-base. It assumes, without support, that the UCC (other than § 1-105) is dispositive. As explained in Kraken's Supplemental Memorandum, the substantive law of New York is not before this Court on the instant motion. However, if the UCC were relevant, UCC § 1-105 would point the Court to the law of Jersey, pursuant to the Consignment Agreement. UCC § 9-319 is clearly not within the exceptions to UCC § 1-105(1) specified in UCC § 1-105(2).

Finally, even if UCC § 9-319 were relevant, it would, at its worst (from Kraken's point of view), permit a creditor of the debtor to obtain a lien on certain consignment property; it would not require a creditor to do so. In this case, as fully explained in Kraken's Supplemental Memorandum and as noted above, the Bank disclaimed any security interest in consigned Artwork.

The Liquidation Trustee offers no basis in law or in fact to disregard Federal common law and the clear claim of Jersey law to resolve the pre-petition status of the Botticelli.[3]

---

[3] It is indisputable that the Liquidation Trustee now has possession of the Botticelli. It is equally indisputable that Republic Bank never had such possession and, therefore, under Jersey law it could not have had a security interest in the Botticelli (even if it sought one, which it clearly did not). Thus, the Liquidation Trustee's assertion that he is an assignee of the Bank's security interest does not withstand scrutiny. Moreover, when the Liquidation Trustee did take possession of the Botticelli, the claims of Kraken were a matter of record. For reasons explained in Kraken's Supplemental Memorandum of June 8, the Liquidation Trustee's claim for a security interest under Section 544 of the Bankruptcy Code is equally unavailing. All of this is an issue of Jersey law, to be determined in accordance with paragraph 11 of the Consignment Agreement.

IV. Conclusion

For all of the reasons set forth above, the issue of whether the Botticelli was part of the estate of the debtor must be determined under Jersey (Channel Islands) law, including the Arbitration (Jersey) Law 1998, by a retired judge of the Royal Court of Jersey (Channel Islands), in an arbitration in Jersey (Channel Islands).

WHEREFORE, Kraken Investments Limited respectfully prays:

a. For an order terminating the automatic stay;

b. For an order that the issue of whether the Botticelli was part of the estate of the debtor must be determined:

(a) under Jersey (Channel Islands) law, including the Arbitration (Jersey) Law 1998;

(b) by a retired judge of the Royal Court of Jersey (Channel Islands);

(c) in an arbitration in Jersey (Channel Islands).

c. For an order granting relief from the automatic stay permitting Kraken to commence arbitration under Jersey (Channel Islands) law, including the Arbitration (Jersey) Law 1998, by a retired judge of the Royal Court of Jersey (Channel Islands), in an arbitration in Jersey (Channel Islands) against Alan M. Jacobs, in his capacity as Liquidation Trustee of the SOG Liquidation Trust; and

d. For such other and further relief as is just and proper.

Dated: June 17, 2011
New York, New York

FAUST OPPENHEIM LLP

BY: ______________________________

Attorneys for KRAKEN INVESTMENTS LIMITED
David I. Faust (DF-9739)
Petra von Ziegesar (PV-3568)
488 Madison Avenue, 17th Floor
New York, New York 10022
T: (212) 751-7700